```
E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROLINE JOANNE HERRLING,<br>　aka Carrie Phenix,<br>　aka Caroline Gardiner,<br><br>　　　　Defendant. | No. 2:23-mj-00165-DUTY<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

　　Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

　　1. <u>Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:</u>

　　　　a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); or

```
           _____   b. defendant is an alien not lawfully admitted for
                      permanent residence; and
           _____   c. defendant may flee; or
           _____   d. pose a danger to another or the community.
X      2. Pretrial Detention Requested (§ 3142(e)) because no
          condition or combination of conditions will reasonably
          assure:
           X      a. the appearance of the defendant as required;
           X      b. the safety of any other person and the community.
       3. Detention Requested Pending Supervised Release/Probation
          Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
          § 3143(a)):
           _____  a. defendant cannot establish by clear and convincing
                     evidence that he/she will not pose a danger to any
                     other person or to the community;
           _____  b. defendant cannot establish by clear and convincing
                     evidence that he/she will not flee.
X      4. Presumptions Applicable to Pretrial Detention (18 U.S.C.
          § 3142(e)):
           X      a. Title 21 or Maritime Drug Law Enforcement Act
                     ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with
                     10-year or greater maximum penalty (presumption of
                     danger to community and flight risk);
           _____  b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
                     2332b(g)(5)(B) with 10-year or greater maximum
                     penalty (presumption of danger to community and
                     flight risk);
```

```
         _____   c. offense involving a minor victim under 18 U.S.C.
                    §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,
                    2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),
                    2260, 2421, 2422, 2423 or 2425 (presumption of danger
                    to community and flight risk);
         _____   d. defendant currently charged with an offense described
                    in paragraph 5a - 5e below, AND defendant was
                    previously convicted of an offense described in
                    paragraph 5a - 5e below (whether Federal or
                    State/local), AND that previous offense was committed
                    while defendant was on release pending trial, AND the
                    current offense was committed within five years of
                    conviction or release from prison on the above-
                    described previous conviction (presumption of danger
                    to community).
X        5. Government Is Entitled to Detention Hearing Under
            § 3142(f) If the Case Involves:
         _____   a. a crime of violence (as defined in 18 U.S.C.
                    § 3156(a)(4)) or Federal crime of terrorism (as
                    defined in 18 U.S.C. § 2332b(g)(5)(B)) for which
                    maximum sentence is 10 years' imprisonment or more;
         _____   b. an offense for which maximum sentence is life
                    imprisonment or death;
         X       c. Title 21 or MDLEA offense for which maximum sentence
                    is 10 years' imprisonment or more;
```

|     |       |                                                                 |
| --- | ----- | --------------------------------------------------------------- |
|     | \_\_\_ | d. any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
|     | \_\_\_ | e. any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
|     | X     | f. serious risk defendant will flee; |
|     | X     | g. serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |

\_\_\_ 6. Government requests continuance of \_\_\_ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//
//

4

_____   7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: January 13, 2023          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/ Andrew Brown
_____
ANDREW BROWN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA